**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARION DAVIDSON,**

    **Plaintiff,**

**v.**                                                      **Case No. 8:04-cv-2177-T-30TBM**

**ORTHO-McNEIL
PHARMACEUTICAL, INC.,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER comes before the court on the parties' **Stipulation and Protective Order** (Doc. 9). The stipulation, signed by counsel for the parties, sets forth the process by which the parties agree to handle all documents or information Defendant provides in response to discovery requests or Rule 26 disclosures that is designated as "Confidential Material" or "Confidential Protective Order."

The Eleventh Circuit has held that the district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' stipulation serves a useful purpose. Therefore, with the exception of the provision for placing documents under seal, the court approves the stipulated protective order.

The provision in Paragraph 7 of the stipulated protective order, which provides for the automatic sealing of documents covered by this order and filed with any court, are troubling to this court.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).  This right extends to the inspecting and the copying of judicial records.  See Nixon, 435 U.S. at 597.

The right to access, however, is not absolute.  See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 598 (1982).  When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest.  See Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).  When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny.

This court does not allow the automatic filing of documents under seal.  In accordance with the policy of the Middle District of Florida, when a party seeks to file a document under seal, the court shall determine the matter upon motion by the party.  See, e.g., United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989).  The party may include the documents as an attachment to the motion, in which case the documents may be submitted under seal pending ruling of the court.  Such sealed documents shall not be docketed in the court file until the court has ruled upon the accompanying motion.

Accordingly, it is **ORDERED** that:

1) The parties' **Stipulation and Protective Order** (Doc. 9) is **APPROVED with the exception** of those provisions requiring any material covered by this order and filed with the court to be automatically filed under seal.

2) For each document, object, or other material that the parties wish to file under seal, they shall file a Motion to Seal. These motions shall be accompanied by memoranda which set forth, <u>with specificity</u>, the reasons why these particular documents should be filed under seal.

3) The parties' **Stipulation and Protective Order** (Doc. 9) is incorporated by reference into this Order.

**Done and Ordered** at Tampa, Florida, this 3rd day of May 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record