**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARION DAVIDSON,**

    **Plaintiff,**

**v.**                                                           **Case No. 8:04-cv-2177-T-30TBM**

**ORTHO-MCNEIL**
**PHARMACEUTICAL, INC.,**

    **Defendant.**
_____/

## O R D E R

THIS MATTER is before the court on the **Plaintiff's Motion to Compel Discovery, To Extend Liability Expert Disclosure Deadline and For Sanctions** (Doc. 34), Plaintiff's Request for Oral Argument (Doc. 35), and Defendant's response in opposition (Doc. 38).[1] A hearing on this matter was held on April 13, 2006.

By her motion,[2] Plaintiff seeks an Order compelling Defendant to comply fully with the following discovery requests:

    1.    Interrogatories served on November 23, 2004;

    2.    A request for production of documents served on November 23, 2004;

    3.    A supplemental request for production of documents served on July 25, 2005;

    4.    A second supplemental request for production of documents served on September 6, 2005;

---

[1] Also before the court is **Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motion to Compel** (Doc. 39) and Defendant's response in opposition (Doc. 40). Because Defendant's response to Plaintiff's motion to compel (Doc. 38) was filed in accordance with the time limits set forth in the federal and local rules, Plaintiff's motion (Doc. 39) is DENIED.

[2] To the extent the motion also seeks to extend the time for expert disclosure, the request is moot. The district judge entered an Amended Case Management and Scheduling Order on April 11, 2006. See (Doc. 44).

    5. A third supplemental request for production of documents served on December 23, 2005; and

    6. A Rule 30(b)(6) notice of deposition served on December 23, 2005.

By Plaintiff's pleadings, Defendant has frustrated her right to obtain discovery by filing blanket objections to each of the discovery requests set forth except for one and by inappropriately relying upon the provisions of Fed. R. Civ. P. 33(d) to refuse to answer legitimate inquiries. As sanctions for these alleged discovery abuses, Plaintiff requests the fees and costs incurred in bringing her instant motion, as well as the time and money spent inspecting certain of Defendant's files. Defendant urges the court to deny Plaintiff's motion on the grounds that the motion is "unreasonably late" and Defendant has conducted discovery appropriately in this cause. Defendant seeks fees involved in its instant response.[3]

  At arguments, counsel for Plaintiff announced that the parties have conferred and agreed regarding Defendant filing supplemental responses to the interrogatories and certain requests to produce. As such, the court will not revisit the specific interrogatories from 2004 or all of the requests identified in the motions. As Plaintiff's counsel now frames the remaining outstanding disputes, they relate to the July 2005 supplemental request to produce and certain of the December 2005 requests to produce (and the related Rule 30(b)(6) deposition).

  The July 25, 2005, supplemental request to produce sought all "Quarterly Periodic Adverse Drug Experience Reports covering the post-marketing period." The fundamental dispute arising from this request and certain of the December 2005 requests[4] is whether Plaintiff is entitled to discover all such adverse events reported for the drug Topamax for the

---

[3] Defendant also requests the return of the "original RTF Index Binder from the NDA and all copies of the index." The parties are attempting to resolve this matter and the court will not address it further on this Order.

[4] According to counsel, the same dispute is at issue in its request nos. 3-9 from the December 2005 requests to produce.

post-marketing period through the present or only for some lesser period. By Defendant's argument, such discovery is relevant only through September 2001, at time it amended its warnings to include the symptoms alleged by the Plaintiff.[5] By Plaintiff's argument, the particular circumstances of her case as they relate to the matter of causation support that she receive discovery related to all such adverse events. In this regard, the motion is GRANTED in part. I find that discovery related to adverse event reports of acute vision disturbances, ocular pain, elevated ocular pressure, redness, secondary angle closure glaucoma and the like during the entire post marketing period are appropriate for discovery by the Plaintiff.[6]

Plaintiff also seeks an Order compelling Defendant to produce the matters requested at request nos. 14, 16, 18-19, 28-29, 30-33, and 36 of the December 23, 2005, second supplemental request for production. As to these requests, the motion is GRANTED in part and DENIED in part as discussed hereafter. Regarding request no. 14, to the extent that Defendant has possession or custody of any such questionnaires collected by clinical trial investigators for presentation to the FDA reflecting visual adverse events, the motion is GRANTED. Regarding request no. 16, Defendant indicates that it has agreed to produce documents responsive to this request. Pending Plaintiff's review of this production, the motion as to this request is DENIED without prejudice. Regarding request nos. 18 and 19, the motion is GRANTED as to any patient suffering a visual adverse event.[7] Regarding

---

[5]The parties have submitted excerpts from depositions and additional matters in support of the arguments made at the hearing. (Docs. 46-47).

[6]Based on counsels' representations, the court assumes it need not address request nos. 3-9 from the December 2005 Request to Produce further on this motion.

[7]It is apparent to the court that the parties would benefit from further discussions regarding the efficient production of information concerning the clinical trials, and matters such as follow-up reports to the FDA concerning visual adverse events. While the court believes that the Plaintiff may fully discover the clinical evidence as it relates to such events, it appears that these requests may not offer an efficient or less burdensome means of accomplishing such discovery. If the Defendant is already moving forward with the production of matters covered by these requests, it is not required to duplicate its efforts or

3

request nos. 28-32, the requests are overbroad. Accordingly, the motion is DENIED as to these requests.[8] The motion is GRANTED as to request nos. 33 and 36.[9]

Accordingly, **Plaintiff's Motion to Compel Discovery, To Extend Liability Expert Disclosure Deadline and For Sanction** (Doc. 34) is GRANTED in part and DENIED in part as set forth herein..

**Done and Ordered** in Tampa, Florida, this 19th day of April 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

---

production by reason of this Order.

[8] A reasonable inquiry into the off-label usages of Topamax and sales generated by such off label usages is appropriate by the Plaintiff. The parties are directed to confer in an effort to agree on the appropriate scope of such inquiry and an efficient and less burdensome way of discovery related to these matters. If necessary, the court will address the matter on subsequent motion.

[9] Defendant indicates that there are no responsive documents to request no. 33 for the period prior to August 3, 2000. Defendant remains under a continuing duty to supplement this response if appropriate. Request no. 36 is broadly worded. However, to the extent the Defendant provided its sales force with material to market and sell its product prior to September 2000, the inquiry is relevant and appropriate for Plaintiff's discovery.

4