**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARION DAVIDSON,**

    **Plaintiff,**

v.     Case No.  8:04-cv-2177-T-30TBM

**ORTHO-MCNEIL**
**PHARMACEUTICAL, INC.,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on the **Plaintiff's Motion to Compel Defendant to Comply with Court's Order and Permit Scanning/Copying of Document Production and to Shorten the Time for OMP to Respond to this Motion** (Doc. 70). By her motion, Plaintiff seeks an Order requiring Defendant to produce certain adverse event files in unredacted format and to allow her attorney to bring and utilize his own copy/scan equipment at the document inspection scheduled to occur at Defendant's facility in New Jersey.[1] Plaintiff contends this relief is in accordance with the district court's Order of August 18, 2006.[2] In support of her motion, Plaintiff also submits a facsimile correspondence addressed to her attorney on September 18, 2006, setting forth the conditions under which Defendant would proceed with the document inspection. See (Doc. 71). Defendant urges the court to

---

[1] The document inspection was scheduled to occur on October 2, 2006.

[2] By that Order, the district judge ordered Defendant to comply with the undersigned's April 19, 2006, Order (Doc. 48) by producing the documents identified therein at its own expense, making the records available to Plaintiff's counsel in the manner in which they are kept, *or* permitting Plaintiff's counsel to make copies at her own expense. See (Doc. 58).

deny the motion outright, arguing that federal regulations prohibit it from producing the adverse event files in unredacted format. (Doc. 72).

Upon consideration, **Plaintiff's Motion to Compel Defendant to Comply with Court's Order and Permit Scanning/Copying of Document Production and to Shorten the Time for OMP to Respond to this Motion** (Doc. 70) is **GRANTED in part**. Defendant shall make available for inspection and copying all documents at issue, including the adverse event reports and/or report files, at a mutually agreeable time and place within <u>twenty (20) days</u> of the date of this Order or as otherwise agreed upon by the parties. Plaintiff shall be permitted to bring and utilize her own copying/scanning equipment when inspecting documents at this production. In accordance with 21 C.F.R. § 314.430(e)(4), Defendant may redact patients' names and other identifying information such as social security numbers or addresses, as well as the identities of the reporters. Defendant shall indicate on each document the nature of each redaction. Thereafter, Plaintiff may request the identity of a particular reporter based on a showing of particularized relevance and need. See In re Eli Lilly & Co., Prozac Products Liability Litigation, 142 F.R.D. 454, 459 (S.D. Ind. 1992). In all other aspects, the motion (Doc. 70) is denied.

**Done and Ordered** in Tampa, Florida, this 13th day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

2