UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARION DAVIDSON,**

    **Plaintiff,**

v.                              Case No.  8:04-cv-2177-T-30TBM

**ORTHO-MCNEIL**
**PHARMACEUTICAL, INC.,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion for Leave to Supplement Damage Experts Disclosure** (Doc. 100).[1]  By her motion, Plaintiff seeks an Order permitting the March 9, 2007, disclosure of a supplemental report prepared by economic damages expert, Bernard Pettingill, Ph.D., as well as the disclosure of a new psychological expert, Sylvia Carra, Ph.D.  As grounds, Plaintiff urges that the most recent Case Management and Scheduling Order does not distinguish between damages experts and liability experts, and therefore her recent disclosures were timely.  In the alternative, Plaintiff urges that good cause exists for her late disclosures because Dr. Pettingill merely prepared a supplement to his previously disclosed reports and the untimely disclosure of Dr. Carra was necessitated by Plaintiff's deteriorating physical and mental condition subsequent to the expert damages disclosure deadline of February 16, 2006.  Plaintiff urges further that Defendant is not

---

[1] Also pending is **Defendant Ortho-McNeil Pharmaceutical, Inc.'s Motion to Strike Plaintiff's Supplemental Disclosure of Expert Opinions Regarding the Expert Report of Sylvia F. Carra, Ph.D. and Motion to Partially Strike the Supplemental Expert Report of Bernard F. Pettingill, Jr., Ph.D.** (Doc. 96) and Plaintiff's response (Doc. 99).

prejudiced by these disclosures as there is sufficient time before trial for Defendant to conduct additional discovery and produce counter experts if necessary. In response, Defendant argues that Plaintiff clearly was aware of the February 2006 damages expert disclosure deadline and it submits an email demonstrating Plaintiff's understanding of such. See (Doc. 104). As for Plaintiff's alternative argument, Defendant maintains that Plaintiff's recent disclosures are not supplemental. Defendant argues that Dr. Pettingill's "supplemental" opinion essentially provides a new theory of lost profits and Dr. Carra is a completely new expert. Defendant argues further that Plaintiff is unable to demonstrate that the disclosures are substantially justified or harmless. (Doc. 101).

Expert witness disclosures must be "made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Rule 26 requires each party to identify expert witnesses who may testify at trial and to provide to the opposing party detailed reports of the testifying experts. Fed. R. Civ. P. 26(a)(2)(A), (a)(2)(B). Rule 37, which sets forth the consequences for failure to comply with Rule 26(a), provides that - "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of establishing that the failure to disclose was substantially justified or harmless. Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006).

Upon consideration, **Plaintiff's Motion for Leave to Supplement Damage Experts Disclosure** (Doc. 100) is **GRANTED in part**. Plaintiff's late disclosure of Dr. Carra as a psychological damages expert is permitted.[2] Dr. Carra's report (Doc. 96-2), which is dated

---

[2]Contrary to Plaintiff's urging, it appears undisputed that Plaintiff was aware that the March 9, 2007, expert disclosure deadline in the court's most recent Case Management and

October 2006 and speaks to the extent of Plaintiff's psychological injuries, did not exist prior to the damages disclosure deadline in February 2006, and it is not unreasonable that the need for Dr. Carra's expert testimony arose only upon Plaintiff's more recent visual and mental deterioration. Further, Defendant is not prejudiced by the untimely disclosure of Dr. Carra. There is adequate time for Defendant to depose this witness prior to trial and to identify a counter expert if indicated.[3] Counsel are directed to cooperate in the scheduling of any depositions necessitated by the late addition of Dr. Carra and to conclude such on or before May 25, 2007.[4] As for Dr. Pettingill's supplemental opinion, namely, that set forth as Option II (Doc. 96-2 at 27-28), I agree with Defendant that this is a new opinion and that it runs contrary to the ruling issued by the district judge in excluding the testimony of economist Sonnet R. Kapila. Furthermore, adequate cause for this late disclosure of the economist's new opinion has not been demonstrated. Accordingly, this aspect of Plaintiff's motion (Doc. 100) is denied.[5]

**Done and Ordered** in Tampa, Florida, this 1st day of May 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

---

Scheduling Order (Doc. 76) applied to liability experts only. See (Doc. 104 at 4).

[3]The trial in this cause is set for October 2007. (Doc. 76).

[4]Dispositive motions are due by May 29, 2007. (Doc. 76).

[5]In light of these rulings, **Defendant Ortho-McNeil Pharmaceutical, Inc.'s Motion to Strike Plaintiff's Supplemental Disclosure of Expert Opinions Regarding the Expert Report of Sylvia F. Carra, Ph.D. and Motion to Partially Strike the Supplemental Expert Report of Bernard F. Pettingill, Jr., Ph.D.** (Doc. 96) is **DENIED as moot**.